Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Robert R Kaniuff**
Debtor(s)

Bankruptcy Case No.: 19−20243−GLT
Issued Per 3/25/2019 Proceeding
Chapter: 13
Docket No.: 31 − 20
Concil. Conf.: July 25, 2019 at 01:00 PM

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 21, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jul. 25, 2019 at 01:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H. Additional Terms: A Fee Application is needed if any fee (including retainer) exceeds $2,500.00/$3,100.00 including any fees paid to prior counsel.

(1) Plan must remain 100%,

(2) Claim No 3 of Key Bank to be paid as LTCD

(3) The secured claim(s) of the following Creditor(s) shall govern as to claim amount, to be paid

at the modified plan terms: Claim No. 1 of Credit Acceptance, Claim No. 5 of Citizens, and Claim No. 2 of Keybank.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*    **IT IS FURTHER ORDERED THAT:**

**A.**    After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**    Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**    Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**    Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**    The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**    In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

*[Signature]*
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: March 29, 2019

cc:  All Parties in Interest to be served by Clerk in seven (7) days

```
                          United States Bankruptcy Court
                          Western District of Pennsylvania
In re:                                                              Case No. 19-20243-GLT
Robert R Kaniuff                                                    Chapter 13
          Debtor
                              CERTIFICATE OF NOTICE
District/off: 0315-2         User: dbas               Page 1 of 2            Date Rcvd: Mar 29, 2019
                             Form ID: 149             Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 31, 2019.
db            +Robert R Kaniuff,    118 Crooks School Rd,    Clinton, PA 15026-1548
15020090       BMO Harris Bank, N.A.,    P.O. Box 2035,    Milwaukee, WI 53201-2035
14980754      +Bmo Harris Bank Na,    111 W Monroe,    Chicago, IL 60603-4095
14982453      +CREDIT ACCEPTANCE,    25505 W 12 MILE RD SUITE 3000,     SOUTHFIELD MI 48034-8331
14980755      +Caliber,    715 S Metropolitan Ave,    Oklahoma City, OK 73108-2088
14980756      +Cap1/cabelas,    4800 Nw 1st Street,    Lincoln, NE 68521-4463
14980759      +Chase Card,    Po Box 15298,   Wilmington, DE 19850-5298
14980760      +Citicards Cbna,    Po Box 6217,    Sioux Falls, SD 57117-6217
15009895      +Citizens Bank N.A.,    One Citizens Bank Way,    JCA115,    Johnston R.I. 02919-1922
14980761      +Citizens Bank Na,    480 Jefferson Blvd,    Warwick, RI 02886-1359
14980762      +Credit Acceptance Corp,    Po Box 5070,    Southfield, MI 48086-5070
14980763       Dollar Bank,    3 Gateway Center,    Pittsburgh, PA 15222
15018403       Dollar Bank, FSB,    c/o David W. Raphael, Esquire,     Grenen & Birsic, PC,
                 One Gateway Center, 9th Floor,     Pittsburgh, PA  15222
15018402      +Dollar Bank, FSB,    300 West Tuscarawas Street,    Canton, OH 44702-1911
14980764      +Fia Cs,    Po Box 982238,    El Paso, TX 79998-2238
15008499      ++GREATAMERICA FINANCIAL SERVICES CORPORATION,     PO BOX 609,   CEDAR RAPIDS IA 52406-0609
               (address filed with court: GreatAmerica Financial Services Corporation,
                 f/k/a GreatAmerica Leasing Corporation,    ATTN: Peggy Upton, Litigation Specialist,
                 P.O. Box 609,    Cedar Rapids, IA 52406)
14980767      +Monterey Fin,    4095 Avenida De La Plata,    Oceanside, CA 92056-5802
14980768      +Pnc Bank,    Po Box 3180,    Pittsburgh, PA 15230-3180
14980769      +Pnc Mortgage,    Po Box 8703,    Dayton, OH 45401-8703
14980776      +Wells Fargo Dealer Svc,    Po Box 1697,    Winterville, NC 28590-1697

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/Text: key_bankruptcy_ebnc@keybank.com Mar 30 2019 02:45:42      KeyBank N.A.,
                 4910 Tiedeman Road,    Brooklyn, OH 44144-2338
14980753      +E-mail/Text: ally@ebn.phinsolutions.com Mar 30 2019 02:44:39      Ally Financial,
                 200 Renaissance Ctr,    Detroit, MI 48243-1300
14980758       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 30 2019 02:52:00
                 Capital One Bank Usa N,     15000 Capital One Dr,    Richmond, VA 23238
14980757      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 30 2019 02:51:30      Capital One,
                 Po Box 30253,    Salt Lake City, UT 84130-0253
15016259      +E-mail/Text: kburkley@bernsteinlaw.com Mar 30 2019 02:46:06      Duquesne Light Company,
                 c/o Bernstein-Burkley, P.C.,     707 Grant St., Suite 2200, Gulf Tower,
                 Pittsburgh, PA 15219-1945
14980765      +E-mail/Text: bankruptcynotice@fcbanking.com Mar 30 2019 02:44:42      First Commonwealth Ban,
                 22 North Sixth St,    Indiana, PA 15701-1802
14980766      +E-mail/Text: key_bankruptcy_ebnc@keybank.com Mar 30 2019 02:45:41      Keybank Na,
                 4910 Tiedman Road,    Brooklyn, OH 44144-2338
15018893       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 30 2019 02:51:03
                 Portfolio Recovery Associates, LLC,     POB 12914,    Norfolk VA 23541
14981346      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 30 2019 02:51:03
                 PRA Receivables Management, LLC,     PO Box 41021,    Norfolk, VA 23541-1021
14980770      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:50:54      Syncb/ameg D,    Po Box 965005,
                 Orlando, FL 32896-5005
14980771      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:50:56      Syncb/bargain Outlet,
                 C/o Po Box 965036,    Orlando, FL 32896-0001
14980772      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:50:54      Syncb/jcp,    Po Box 965007,
                 Orlando, FL 32896-5007
14980773      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:50:54      Syncb/levin Furniture,
                 C/o Po Box 965036,    Orlando, FL 32896-0001
14980774      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:51:23      Syncb/lowes,    Po Box 956005,
                 Orlando, FL 32896-0001
14980775      +E-mail/PDF: gecsedi@recoverycorp.com Mar 30 2019 02:51:23      Syncb/synchrony Home,
                 C/o Po Box 965036,    Orlando, FL 32896-0001
                                                                                               TOTAL: 15

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              THE BANK OF NEW YORK MELLON ET.AL.
cr              THE BANK OF NEW YORK MELLON, ET. AL.
cr              The Bank of New York Mellon, successor to The Bank
cr*           +Dollar Bank, FSB,    300 West Tuscarawas Street,    Canton, OH 44702-1911
cr*           +Duquesne Light Company,    c/o Bernstein-Burkley, P.C.,
                 707 Grant Street, Suite 2200, Gulf Tower,    Pittsburgh, PA 15219-1945
cr*           +PRA Receivables Management, LLC,     PO Box 41021,    Norfolk, VA 23541-1021
                                                                                    TOTALS: 3, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0315-2          User: dbas                Page 2 of 2              Date Rcvd: Mar 29, 2019
                              Form ID: 149              Total Noticed: 35
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 31, 2019                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 29, 2019 at the address(es) listed below:

```
          David W. Raphael    on behalf of Creditor    Dollar Bank, FSB draphael@grenenbirsic.com,
           mcupec@grenenbirsic.com
          James   Warmbrodt     on behalf of Creditor    The Bank of New York Mellon, successor to The Bank of
           New York, not in its individual capacity but solely as Trustee on behalf of the holders of the
           CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certif bkgroup@kmllawgroup.com
          Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
           jbluemle@bernsteinlaw.com
          Lawrence W. Willis     on behalf of Debtor Robert R Kaniuff ecf@westernpabankruptcy.com,
           urfreshstrt@gmail.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          Thomas   Song    on behalf of Creditor    THE BANK OF NEW YORK MELLON ET.AL. pawb@fedphe.com
          Thomas   Song    on behalf of Creditor    THE BANK OF NEW YORK MELLON, ET. AL. pawb@fedphe.com
                                                                                             TOTAL: 8
```