IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No.: 19-20243-GLT |
| | : | Chapter: 13 |
| Robert R Kaniuff | : | |
| | : | |
| | : | Date: 9/11/2019 |
| Debtor(s). | : | Time: 09:00 |

**FILED**

SEP 12 2019

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

## PROCEEDING MEMO

*MATTER:*   #33 - Debtor's Objection to Claim #4 by GreatAmerica Financial Services Corp.
#60 - Response by GreatAmerica Financial SG

*APPEARANCES:*
   Debtor:         Lawrence W. Willis
   GreatAmerica:   Lydia Gorba

*NOTES:*

Court: This is an unsecured claim filed against the Debtor which originates from a claim against Pioneer Mechanical Services, LLC. The debtor's name does not appear on the amendment, but the amendment only modifies the payment terms.

Willis: Part of the agreement was that Great America was supposed to bring employees to Pioneer Mechanical's site to train, and Pioneer Mechanical claims they failed to do that satisfactorily - which would be a damages question. Since the agreement was drafted by Great America, it should be construed against them.

Court: Is there ambiguity in the agreement?

Willis: Yes, because it doesn't identify debtor in his position as president.

Gorba: No, because it's clear that the customer was Pioneer Mechanical and the debtor, in his individual capacity, agreed to pay all costs should the customer fail their duties.

Court: The issue of liability is a purely legal one, based on the parties' representations. Pioneer entered into the agreement as a customer, and it appears from the face of the document that Kanuiff agreed to guarantee the Customer's obligations in his individual capacity. There is nothing to suggest he did so in any capacity as an officer. The amendment does not alter any terms in the agreement other than establish the payment terms. The Court finds no ambiguity in the contract terms to warrant further inquiry or discussion as to Debtor's liability. The issue of damages, if any, may be a factual one, but it was not raised on the claim objection filed by the Debtor.

*OUTCOME:*

1. The Debtor's Objection to Claim #4 [Dkt. No. 33] is overruled with prejudice on the matter of debtor's personal liability and overruled without prejudice to the extent any dispute exists as to the amount of the claim. O/E

**DATED:** 9/11/2019