Case 19-20243-GLT    Doc 76    Filed 12/19/19    Entered 12/19/19 09:23:05    Desc Main
                              Document         Page 1 of 2

FILED
12/19/19 8:54 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Case No.: | 19-20243-GLT |
|---|---|---|---|
|  | : | Chapter: | 13 |
| Robert R Kaniuff | : |  |  |
|  | : |  |  |
|  | : | Date: | 12/18/2019 |
| Debtor(s). | : | Time: | 09:00 |

## PROCEEDING MEMO

MATTER:        #40 - Confirmation of Chapter 13 Plan Dated 5/15/2019 (NFC)
               #69 - Objection by GreatAmerica Financial Services Corp

APPEARANCES:
               Debtor:    Lawrence W. Willis
               Trustee:   Jana Pail
               GreatAm:   Leah Gorbo

NOTES:

Pail: 11 months have elapsed, 49 remain, $3,402 is the current monthly plan payment. Debtor has made 9 of the 11 payments due, and one payment was forgiven so he's just one payment behind. The debtor makes $75,000/year as an electrician. It doesn't seem like he makes enough to support the plan. He makes $1,500 in rent from a rental property, but pays $1,282 on the mortgage, leaving only $200 or so for upkeep and profit. The liquidation alternative is $101,000, the unsecured claims total $45,000 (with the inclusion of Great American). That would subsume the bulk of the debtor's income.

Court: What is the legal basis to make monthly payments to unsecured creditors either ahead of or *pari passu* with secured and priority claims?

Pail: I would need to file a brief explaining that basis.

Court: Because that's jumping the unsecured creditors ahead in line.

Willis: He's only one payment behind, which would be the December payment. There isn't a history of poor payments. The main issue seems to be that Attny Katz wants the unsecured creditors to get a monthly payment, even ahead of attorneys fees.

Court: You don't have an issue with a monthly amount of $4,096?

Willis: No, and the full amount could be paid through wage garnishments.

Court: Are attorneys fees the only priority claims?

Pail: That seems to be the case. There was an interim confirmation of the plan on March 29, 2019.

Court: I'm happy for the trustee to brief the issue if there is a basis for her argument.

Gorbo: We are pro-set aside. Concerning our objection to confirmation, we simply want the language where we're cut out from the pool of unsecured creditors to be removed from section 5.

Willis: We're alright with that.

Court: Going forward, the Debtor must file an amended wage order and pay an increased amount of $4,096/month effective January 1, 2020.

Pail: The trustee will concede and revoke our objection to the plan.

Court: The plan will be confirmed, and a wage order must be filed.

Pail: We would like an omnibus declaration regarding the $500 variable interest rate in Key Bank's Claim 3.

Willis: We have no objection.

*OUTCOME:*

1. Debtor's *Chapter 13 Plan Dated 5/15/2019 (NFC)* [Dkt. No. 40] is CONFIRMED on the following terms: (1) the plan payment is increased to $4,096/month, effective January 1, 2020; (2) the objection of Great America is overruled as the creditor is entitled to receive a distribution on its allowed claim consistent with the treatment of other allowed unsecured claims; (3) the Debtor shall file an amended wage attachment within 14 days; and (4) the Debtor shall file an omnibus declaration regarding Claim No. 3 of KeyBank which affords flexibility to fund changes in the variable rate without successive notices of a mortgage payment change. [CT to Issue]

2. On or before January 16, 2020, the Debtor must file a motion for an amended wage order providing for wage attachments of no less than $4,096 per month. [Text Order to Issue]

3. On or before January 16, 2020, the Debtor must file an Omnibus Declaration regarding Claim No. 3 of KeyBank which affords flexibility to fund changes in the variable rate without successive notices of a mortgage payment change. [Text Order to Issue]

**DATED:** 12/18/2019