# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

| | | |
|---|---|---|
| **Robert R. Kaniuff,** | : | Case No. 19-20243-GLT |
| | : | |
| **Debtor** | : | Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **Robert R. Kaniuff,** | : | |
| | : | **Related to Document No. 94** |
| **Movant** | : | |
| | : | **Hearing Date & Time:** |
| vs. | : | **November 18, 2020 at 10:00 AM** |
| | : | |
| | : | |
| **The Bank of New York Mellon,** | : | |
| **c/o Select Portfolio Servicing,** | : | |
| **Respondent** | : | |
| | : | |
| **And** | : | |
| | : | |
| **Ronda J. Winnecour, Esquire** | : | |
| **Chapter 13 Trustee,** | : | |
| | : | |
| **Respondent** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

**AND NOW**, this 18th day of November 2020, on consideration of the *Movants' Motion for Sale of Property Free and Divested of Liens* to **288 Paul St LLC at 288 Paul Street, Pittsburgh, PA 15211**, for **$155,000.00**, after hearing held in: (Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219), this date, the Court finds:

1. That service of the notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditor whose liens are recited in said Motion for private sale, viz:

| **DATE OF SERVICE** | **NAME OF LIEN OR/AND SECURITY** |
|---|---|
| | The Bank of New York Mellon |
| | c/o Select Portfolio Servicing |
| October 14, 2020 | P.O. Box 65250 |
| | Salt Lake City, UT 84165-0250 |

                                                              KML Law Group, P.C.
                                                              701 Market Street, Suite 5000
                                                              Philadelphia, PA 19106
                                                             Attn: Brian C. Nicholas, Esquire
                                                             Collateral – real property located at 288
                                                             Paul Street, Pittsburgh, PA 15211

October 14, 2020                       Ronda J. Winnecour, Chapter 13 Trustee
                                                            Suite 3250, US Steel Building
                                                             600 Grant Street
                                                             Pittsburgh, PA 15219

       2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditor(s) and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

       3. That at the sale hearing, the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in the cancellation of said sale.

       4. That the price of <u>$ 155,000.00</u> offered by <u>288 Paul St LLC</u> was a full and fair price for the property in question.

       5. That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d., 143 (3rd Cir. 1986).

       Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by General Warranty deed of the real property described as 288 Paul Street, Pittsburgh, PA 15211 is hereby **CONFIRMED** to <u>***288 Paul St LLC*** **for** *$155,000.00*</u>, free and divested of the above recited liens and claims, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of the sale.

       **IT IS FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

       **FURTHER ORDERED** that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions***, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically

authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

 (1) The following liens/claims: <u>The Bank of New York Mellon</u>.; payoff $103,730.95
 (2) Delinquent real estate taxes, Prorated at closing.
 (3) Current real estate taxes, pro-rated to the date of closing;
 (4) Court approved attorney fees in the amount of <u>$1,500.00</u>;
 (5) Advertising expense $161.00 Pittsburgh Legal Journal and Post Gazzette$70.00;
 (6) Chapter 13 Trustee "[percentage fees" in the amount of $490.34 payable to Ronda J. Winnecour, Chapter 13 Trustee P.O . Box 2587, Pittsburgh, PA 15230;
 (7) Proceeds to be held by trustee pending further order of Court for distribution according to confirmed plan and shall be earmarked for distribution of timely-filed unsecured claims.

**FURTHER ORDERED** that:

1. *Within seven (7) days of the date of this Order*, the Movant shall serve a copy of the within *Order* on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

2. *Closing shall occur within thirty (30) days of this Order.*

3. *Within seven (7) days following the closing*, the Movant shall file a *Report of Sale*, which shall include a copy of the HUD-1 or other Settlement Statement; and

4. This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

5. The Debtor shall file an amended chapter 13 plan within 30 days of the sale closing.

               BY THE COURT:

               Gregory L. Taddonio,
               United States Bankruptcy Judge